# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**KEVIN J. WATTS**  **PLAINTIFF**

V.  No. 4:11CV00023 SWW-BD

**GARY STEWART,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff Kevin J. Watts, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*.  (Docket entries #2 and #9)  Because Mr. Watts's original and amended complaints were deficient, he was ordered to file an amended and substituted complaint specifically stating his constitutional claims.  Mr. Watts was advised that only the claims raised in his amended and substituted complaint would be considered by the Court.  Mr. Watts now has filed an amended complaint.  (#11)

Mr. Watts claims that while he was housed at the Faulkner County Detention Center ("FCDC"), Dr. Gary Stewart released private information about him to another inmate in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  He has failed to state an actionable claim under 42 U.S.C. § 1983.  Accordingly, the Court recommends that Mr. Watts's claim be DISMISSED with prejudice.[1]

**III.    Discussion:**

Mr. Watts's allegation that Dr. Stewart released his personal information to other

---

[1] Although the Court previously opined that Mr. Watts had stated a deliberate-indifference claim against Defendant Andrews, upon review of Mr. Watts's original complaint, it appears that he initially claimed that Nurse Bryant failed to provide him medical care.  Mr. Watts did not include a deliberate-indifference claim against Nurse Bryant in either of his amended complaints, however.  See *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (internal citation omitted).  This claim apparently has been abandoned.

inmates does not state a constitutional claim. There is no private right of action for violating HIPAA. See *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)(holding that "Congress did not intend for private enforcement of HIPAA," and "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action"); see also *Bradford v. Blake*, 2006 WL 744307, *3 (E.D.Mo. Mar.23, 2006) (holding that HIPAA creates no private right of action enforceable under 42 U.S.C. § 1983) (citing cases). For that reason, Mr. Watts's claim based on a HIPAA violation fails.

**IV.     Conclusion:**

The Court recommends that Mr. Watts's claim be DISMISSED with prejudice. The Court further recommends that this matter count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 4th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE